UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AVMEDIA, INC.**

          **Plaintiff,**

v.                                                                                                  **Case No: 6:25-cv-911-ACC-DCI**

**AXLE LOGISTICS, LLC and**
**DEPENDABLE FAMILY TRUCKING,**
**LLC,**

          **Defendants.**

_____

ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Second Motion for Extension of Time to Serve Defendant and to Allow for Substitute Service (Doc. 40)** |
| **FILED:** | October 17, 2025 |
| **MOTION:** | **Plaintiff's Motion for Clerk's Entry of Default (Doc. 45)** |
| **FILED:** | November 13, 2025 |
| **THEREON** it is **ORDERED** that the Motion for Extension is **GRANTED**; and the Motion for Default (Doc. 45) is **DENIED without prejudice**. | |

**I.     Background**

Avmedia, Inc. (Plaintiff) bring this action against Axle Logistics, LLC and Dependable Family Trucking, LLC for violation of 49 U.S.C. § 14706 and negligence.  Doc. 1.  Plaintiff also brings a claim against Axle Logistics for a "MAP-21 Violation" and breach of contract.  *Id.*  Axle Logistics filed an Answer, but Dependable Family Trucking (hereafter, for purposes of this Order,

Defendant) has not yet appeared. On August 25, 2025, the Court granted in part Plaintiff's motion to extend time to serve Defendant by 60 days. Doc. 31.

On October 17, 2025, Plaintiff filed a Second Motion for Extension of Time to Serve Defendant and to Allow for Substitute Service which is pending before the Court. Doc. 40 (the Motion for Extension). Plaintiff explains that the extension for service is set to expire on October 22, 2025, and Plaintiff has been unable to effect service despite diligence. *Id*. Accordingly, Plaintiff seeks an additional 60 days to complete service and requests permission to serve Defendant through the Florida Secretary of State pursuant to Florida Statutes section 48.161. *Id*.

However, before the October 22, 2025 service deadline elapsed, Plaintiff served the summons on the Florida Secretary of State who, according to the proof of service, is designated to accept service of process on behalf of Defendant. Docs. 43; 43-1. On October 31, 2025, Plaintiff filed an executed return of service and a supporting affidavit. *Id*.; Doc. 43-2 (the Affidavit). Plaintiff has also filed a notice certifying compliance with section 48.161. Doc. 44 (the Notice). Additionally, Plaintiff has filed a Motion for Entry of Clerk's Default against Defendant pursuant to Federal Rule of Civil Procedure 55. Doc. 45 (the Motion for Clerk's Default).

## II. Discussion

### A. Substitute Service Authorization

Defendant is an inactive Florida limited liability company.[1] A party may serve a limited liability company (LLC) by following the law of the state in which the district court is located or

---

[1] The Florida Division of Corporations' website reflects that Defendant is an inactive limited liability company with the last event listed as "ADMIN DISSOLUTION FOR ANNUAL REPORT." www.sunbiz.org. The Court notes that Florida law provides that "[t]he administrative dissolution of a limited liability company does *not* terminate the authority of its registered agent for service of process." Fla. Stat. § 605.0714(6) (emphasis added). Section 48.101 governs service of process on a dissolved LLC in Florida and provides that "process against

in which service is effected. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Florida Statutes section 48.062 generally governs service of process on LLCs in Florida and that section, in turn, sets forth a hierarchy of persons who may accept service on an LLC's behalf, starting with the LLC's registered agent. *See* Fla. Stat. § 48.062(1), (2). Relevant here, "if, after due diligence," a plaintiff is unable to serve the registered agent and "the only person listed publicly by the domestic limited liability company . . . on its latest annual report . . . is also the registered agent on whom service was attempted," then "the service of process may be served as provided in [section] 48.161 on the Secretary of State as an agent of the [LLC]." Fla. Stat. § 48.062(4).

> Section 48.161 provides:
>
> When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use substituted service pursuant to subsection (1) in connection with any action in which the court has jurisdiction over such individual or business entity. The party seeking to effectuate service must also comply with subsection (3); however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed.

Fla. Stat. § 48.161(4). Section 48.161 also states the following with respect to diligence:

> The party effectuating service is considered to have used due diligence if that party:
>
> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
>
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

---

any dissolved limited liability company must be served in accordance with [section] 48.062." Fla. Stat. § 48.101(3)(a).

Fla. Stat. § 48.161(5).

Here, the Florida Division of Corporations' website reflects that Rafael Gonzalez, Jr. (Gonzalez) is Defendant's registered agent and is located at 171 White Birch Drive, Kissimmee, Florida 34743. Gonzalez is the only person listed publicly on Defendant's April 30, 2023 Annual Report. The Florida Division of Corporations' website also includes a mailing address for the business at 4235 Mendenwood, Lane, Orlando, Florida 32826.

With respect to these addresses, Plaintiff's affidavit sets forth the numerous attempts at service. Doc. 43-2. In short, Plaintiff attempted to obtain a waiver of service to no avail, and then attempted personal service on Gonzalez at the White Birch Drive and Mendenwood Lane addresses. *Id*. The process server was informed that Gonzalez moved and, therefore, the process server "identified a phone number" for Gonzalez. *Id*.

The process server called the number, "confirmed that it was Rafael Gonzalez associated with Dependable Family Trucking, LLC," and Gonzalez provided a new residential address in Lillington, North Carolina. *Id*. Plaintiff unsuccessfully attempted to obtain another waiver of service. *Id*. Also, on three occasions, Plaintiff's counsel attempted to contact Gonzalez at the "provided phone number," but was unable to do so. *Id*. On October 3, 2025, a process server attempted to serve Defendant at the Lillington, North Carolina address, but the "address could not be located." *Id*. Plaintiff states that the process server ran a search and "confirmed the same two potential Florida addresses where service was already attempted." *Id*.

Based on the foregoing and the supporting Affidavit, the undersigned is satisfied that Plaintiff has demonstrated the requisite amount of due diligence to appropriately serve through substitute service. Plaintiff made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the necessary information to effectuate service.

Plaintiff reasonably employed the knowledge to attempt service, and made an appropriate number of attempts at service especially in light of the evidence establishing that Gonzalez was concealing his whereabouts. At this point, it seems additional attempts would be futile. Accordingly, Plaintiff is entitled to relief based on the circumstances and pursuant to sections 48.062 and 48.161.

### B. Proof of Substitute Service

Since Plaintiff has already served Florida's Secretary of State, the Court will next examine if service was proper because it impacts the requests for an extension of time and Clerk's entry of default. Section 48.161 provides:

> Whenever a party is using substituted service specified in subsection (1), notice of service and a copy of the process must also be sent forthwith to the party being served by the party effectuating service or by such party's attorney by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery. In addition, if the parties have recently and regularly used e-mail or other electronic means to communicate between themselves, the notice of service and a copy of the process must also be sent by such electronic means. The notice of service and a copy of the process must be sent to the last known physical address and, if applicable, last known electronic address of the party being served. The party effectuating service shall file proof of service or return receipts showing delivery to the other party by mail or courier and by electronic means, if electronic means were used, unless the party is actively refusing or rejecting the delivery of the notice or the party is concealing himself, herself, or itself. An affidavit of compliance of the party effectuating service or such party's attorney must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows. The affidavit of compliance must set forth the facts that justify such substituted service and must contain sufficient facts showing:
>
> (a) That due diligence was exercised in attempting to locate and effectuate personal service on the party; and
>
> (b) To the extent applicable, the party's nonresidence, or concealment, or that the party is a business entity for which substituted service is otherwise authorized by law. The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance.

Fla. Stat. § 48.161(3).

Here, Plaintiff has filed proof of service on the Secretary of State (Doc. 43) and the Notice certifying compliance with section 48.161. Doc. 44. Plaintiff states that it served Defendant with a copy of the Complaint, Initial Case Order, Civil Cover Sheet, Standing Order on Discovery Motions, Case Management and Scheduling Order, and Acceptance of Service by the Florida Secretary of State. *Id*. Plaintiff states that it served those documents at Defendant's last known residence by certified mail return receipt requested and by e-mail with delivery and read receipt requested. *Id*. In the Notice, Plaintiff refers the Court to the Affidavit, and reasserts that Defendant is evading service. *Id*. Plaintiff also states that it mailed copies of the service documents to "the last known addresses" and all copies were undeliverable. *Id*. Plaintiff adds that the notices were "left for scheduling of pickup, due to certified mailing request" and that "electronic means show that delivery was successful." *Id*. Plaintiff attaches exhibits in support of the Notice. Doc. 44-1 to 44-4.

Based on the foregoing, the Court finds that Plaintiff has provided sufficient evidence that it properly served Florida's Secretary of State in accordance with section 48.161. Namely, the Florida Secretary of State accepted service of process for Defendant on October 20, 2025. Docs. 43; 43-1. Then, as Florida law requires, Plaintiff sent a copy of the service of process documents via certified mail, return receipt requested, to the last known address of Defendant. *See* Doc. 44; *see* Fla Stat. § 48.161(3). Finally, Plaintiff filed the Affidavit along with the return of service and the Notice of compliance as section 48.161(3) requires. As such, the Court finds that Plaintiff effected proper substituted service on Defendant.

Considering that service, the Court finds that Plaintiff's related request for an extension of time to serve the Defendant is due to be granted, and the Court accepts the service of process as timely filed.[2]

### C. Clerk's Default

Plaintiff, however, is not entitled to Clerk's default at this time. Plaintiff states in a conclusory manner, and with just a general citation to Rule 12, that Defendant's response or answer to the Complaint was due November 10, 2025. Doc. 45 at 2. Plaintiff apparently arrived at that date by adding 21 days to October 20, 2025 (i.e., the date Plaintiff served Florida's Secretary of State). *See id*. Since November 10, 2025 has passed, and the Defendant has not responded to the Complaint, Plaintiff contends that it is entitled to Clerk's Default pursuant to Rule 55(a). *Id*.

But the timeframe set forth in 48.161 is as follows:

> (8) Service of process is effectuated under this section on the date the affidavit of compliance is filed, or the date when the notice of service requirements under subsection (3) are completed, whichever is later.

Fla. Stat. § 48.161(8). Plaintiff's Notice and the supporting exhibits reflect that it satisfied the notice requirements of section 48.161(3) no earlier than October 20, 2025. *See* Docs. 44; 44-1 to 44-4. Accordingly, it seems entry of Clerk's entry of default is premature.[3]

---

[2] The Court does not find, however, that Defendant cannot appear in this case, raise a challenge to service of process, or otherwise attempt to set aside Clerk's entry of default, if appropriate.

[3] Plaintiff alleges that Defendant "frustrate[d] competition of service of process" or concealed its whereabouts. Doc. 40 at 6. As such, it appears that it is not necessary for Plaintiff to file proof of service or return receipts showing delivery on Defendant. *See* Fla. Stat. § 48.161(3) ("The party effectuating service shall file proof of service or return receipts showing delivery to the other party by mail or courier and by electronic means, if electronic means were used, *unless* the party is actively refusing or rejecting the delivery of the notice or the party is concealing himself, herself, or itself.") (emphasis added). Even so, Plaintiff must still send the notice of service and a copy of the process to the last known physical address and, if applicable, last known electronic address of the party being served. *Id*. Based on a review of Plaintiff's Notice and the supporting exhibits, it

Further, Plaintiff has provided no citation to authority to support the proposition that the 21-day clock began to run from the date Plaintiff served the summons on Florida's Secretary of State. *See* Local Rule 3.01(a). Plaintiff's citation to Rule 12 is not convincing. The Court instead looks to the notice and service requirements set forth in sections 48.161(3) and 48.161(8) when calculating the 21-day response period for Rule 55(a) purposes. If there is authority supporting Plaintiff's calculation, then Plaintiff should provide it to the Court.

### III.     Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion for Extension (Doc. 40) is **GRANTED** to the extent that the Court finds that Plaintiff properly effected service on Defendant Dependable Family Trucking through Florida's Secretary of State pursuant to section 48.161, and the Court accepts service as timely; and

2. Plaintiff's Motion for Clerk's Default (Doc. 45) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on November 17, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

seems the notice of service was completed after October 20, 2025. *See* Doc. 44. Indeed, it appears that October 31, 2025, is the earliest date that Plaintiff sent the notice; that is the same day Plaintiff filed the Affidavit. *See* Docs. 43; 44-1 at 44-4.