UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AV MEDIA, INC.,

Plaintiff,

v. Case No: 6:25-cv-911-ACC-CAB

AXLE LOGISTICS, LLC, and
DEPENDABLE FAMILY
TRUCKING, LLC,

Defendants.

**ORDER**

This cause comes before the Court on the following motions:

1. Defendant Axle Logistics, LLC's Amended Expedited Motion for Protective Order (Doc. 68) (the "**Axle Logistics Motion**"); and
2. Non-party AGSC Marine Insurance Company's Motion to Quash Subpoena and for Protective Order (Doc. 70) (the "**AGSC Motion**").

For the reasons set forth below, the Axle Logistics Motion will be denied and the AGSC Motion will be granted in part and denied in part.

## I. Background

Plaintiff initiated this breach of contract action against Defendants Axle Logistics, LLC ("**Axle Logistics**") and Dependable Family Trucking, LLC, claiming losses and damages resulting from the Defendants' improper transportation of certain audio/visual electronic equipment belonging to Plaintiff. (Doc. 1). AGSC Marine

Insurance Company ("**AGSC**") is not a party to this litigation but is an apparent insurer of AGSC.

Axle Logistics moves for a protective order with respect to the upcoming deposition of its Rule 30(b)(6) representative. (Doc. 68). Specifically, Axle Logistics argues that certain deposition topics and document requests relating to Axle's "carrier selection and vetting practices" are irrelevant to Plaintiff's claims.[1] (Doc. 68 at 1).

Non-party AGSC Marine Insurance Company ("**AGSC**") meanwhile moves to quash a deposition noticed by Plaintiff, on the basis that the notice of deposition failed to provide a reasonable amount of time to comply,[2] and because the Axel Logistics insurance coverages of which Plaintiff seeks information are irrelevant to Plaintiff's claims. (Doc. 70 at 4–5). AGSC further argues that other noticed topics for the deposition, such ACGS's corporate structure, are not "proper" subjects of discovery, without specifying ASGC's objections to these subjects. (*Id.* at 6–7). AGSC also argues that some of Plaintiff's noticed deposition topics relating to AGCS's internal claims records, adjuster communications, and investigative activities are subject to "work product" protections. (*Id.*).

[1] Although Axle Logistics also states, in conclusory fashion, that the requested discovery is "disproportionate" (Doc. 68 at 3), it does not provide sufficient facts, such as an affidavit setting forth the expenses of providing the requested discovery, to meet its burden on proportionality. Axle Logistics thus has not established good cause for a protective order on the basis of proportionality.

[2] The deposition was originally noticed for September 4, 2026, but the parties appear to have reached a tenuous agreement to continue the deposition to September 9, 2026. (Doc. 70 at 2; Doc. 74 at 4–5).

## I. Legal Standards

Pursuant to Federal Rule of Civil Procedure 26(c), upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Axle Logistics and AGSC, as the parties seeking the protective orders, have the burden to demonstrate good cause, and are required to make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the protective order. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 436, 430 (M.D. Fla. 2005) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 26(b) of the Federal Rules of Civil Procedure allows parties "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Thus, to successfully sustain an objection on the basis of relevancy, Defendant must show that the requested discovery "has no possible bearing on the claims and defenses" in this case. *Core Constr. Serv. Se., Inc. v. Amisure Ins. Co.*, 6:13-cv-723-Orl-31KRS, 2014 WL 12613266, at *3 (M.D. Fla. Feb. 27, 2014) (quoting *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D 691, 695 (S.D. Fla. 2007)).

Rule 45 of the Federal Rules of Civil Procedure, meanwhile, which applies to quashing a subpoena by a non-party, does not allow for quashing on the basis of irrelevance. Rather, the court may quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3).

## II. Discussion

### a. The Axle Logistics Motion

Defendant Axle Logistics argues that Plaintiff's deposition topics and document requests relating to Axle's "carrier selection and vetting practices" are irrelevant to Plaintiff's claims. (Doc. 68 at 1). Given that Plaintiff has alleged issues relating to Axle Logistics' selection and use of a carrier (*See* Doc. 1 at ¶¶ 16–19, 68), the Court finds that Defendant Axle Logistics has not met its burden of establishing that the noticed topics and document requests have "no possible bearing on the claims and defenses" in this case. *Core Constr. Serv. Se., Inc. v. Amisure Ins. Co.*, 6:13-cv-723-Orl-31KRS, 2014 WL 12613266, at *3 (M.D. Fla. Feb. 27, 2014) (quoting *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D 691, 695 (S.D. Fla. 2007)). The Court will thus deny the Axle Logistics Motion.

### b. The AGCS Motion to Quash/for Protective Order

The AGCS Motion first requests that the Court quash the deposition of its corporate representative. This request will be granted insofar as it seeks that the deposition date be continued to September 9, 2026. It will be denied in all other

respects. AGCS contends that the deposition should be quashed because the topics notice are irrelevant to the claims and defenses in this case; but as set forth above, Rule 45 does not provide for quashing a deposition on the basis of relevance. *See* Fed. R. Civ. P. 45(d)(3). While the Rule does allow for quashing a deposition due to "undue burden," AGCS does not make any real effort to establish "undue burden" or provide sufficient evidence of such to allow the Court to quash the subpoena on that basis.

As for AGCS's argument that certain "claims records, adjuster communications, and investigative activities" are subject to a "work-product privilege" (Doc. XX at X), the Court does not find that this establishes a legitimate basis for quashing the subpoena. As an initial matter, work product is typically contained in document form, and Plaintiff has not requested the production of documents from AGCS. Moreover, should any specific questions raised by Plaintiff at the deposition implicate a specific privilege, AGCS may raise an appropriate objection at the deposition.

The AGCS Motion alternatively requests that the Court issue a protective order. (Doc. 70 at 1). AGCS, however, does not clearly delineate the specific discovery for which it seeks a protective order. (*See* Doc. 70). For example, for certain topics of the deposition, namely the topics in paragraphs 1, 3, 12, and 14 of Plaintiff's notice, AGCS simply argues that these topics "would not, under any stretch of the Imagination, be proper subjects of discovery." Doc. 70 at 7. This objection lacks specificity and does not sufficiently establish good cause for a protective order. Similarly, ACGS's

relevance argument lacks specificity, (*see* Doc. 70 at 4–5), and in any event, at least some of Plaintiff's noticed topics appear relevant to the claims at issue in the case.

AGCS provides a little more specificity with respect to its "work-product privilege" objection, contending that paragraphs 4, 5, 6, 7, 9, 10, 11, and 13 of the deposition topics could result in questions that would elicit privileged information. (Doc. 70 at 6). ACGS does not, however, explain whether any of the information requested was prepared in anticipation of litigation, or otherwise provide sufficient information or argument to allow the Court to determine privilege. The Court thus will not enter a protective order. Should a specific question at the deposition have a valid privilege objection, AGCS will be able to so object.

## III. Conclusion

It is therefore **ORDERED** that Defendant Axle Logistics, LLC's Amended Expedited Motion for Protective Order (Doc. 68) is **DENIED**.

It is further **ORDERED** that AGSC Marine Insurance Company's Motion to Quash Subpoena and for Protective Order (Doc. 70), is **GRANTED IN PART AND DENIED IN PART**. This Motion is granted insofar as it seeks to continue the deposition to September 9, 2026. The Motion is denied in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on September 9, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record